IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAMMALLA S. UPLINGER,<br>　Appellant,<br><br>　　v.<br><br>COMMONWEALTH OF VIRGINIA,<br>DEPARTMENT OF TAXATION, *et al.*,<br>　Appellees. | )<br>)<br>)<br>)<br>)　Case No. 1:16-cv-156<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

The essential question presented in this bankruptcy appeal is whether the bankruptcy court erred in concluding that appellees' collection of unpaid tax debts from *pro se* debtor-appellant Pammalla S. Uplinger did not violate the discharge injunction in Uplinger's case because Uplinger failed to show that the collected debts were discharged in bankruptcy. Put another way, the question presented is whether a taxpayer's state income tax debt is discharged in bankruptcy where, as here, (i) the taxpayer failed to file a tax return for the relevant years and (ii) the taxpayer failed to prove that no tax returns were required for those years. The bankruptcy court answered this question in the negative based on an interpretation of 11 U.S.C. § 1328(a), and the bankruptcy court further found that appellant Uplinger (i) failed to file state income tax returns for 2007 and 2008 and (ii) adduced no evidence that she was not required to file such returns. Accordingly, the bankruptcy court concluded that Uplinger could not establish that her state income tax debts for 2007 and 2008 were discharged, and appellees' collection of those state income tax debts therefore did not warrant the contempt sanctions that Uplinger sought.

1

The bankruptcy court entered its ruling in an Order dated February 2, 2016, and Uplinger filed a timely notice of appeal on February 17, 2016.[1] On appeal, a district court reviews "the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Frushour*, 433 F.3d 393, 398 (4th Cir. 2005). As the matter has now been fully briefed and argued, it is ripe for disposition. Because the bankruptcy court did not err, the bankruptcy court's February 2, 1016 Order must be affirmed.

I.[2]

Uplinger filed for Chapter 13 bankruptcy in April 2009. *See* R. 58. Chapter 13 bankruptcies are designed to allow certain debtors with regular income to keep their property and to pay their debts according to a court-approved plan. *See Hamilton v. Lanning*, 560 U.S. 505, 508 (2010). In August 2009, appellee Commonwealth of Virginia Department of Taxation ("Department") filed a proof of claim for $800 in estimated personal income taxes owed to the Commonwealth of Virginia to be included in Uplinger's Chapter 13 plan. *See* R. 58. This amount included $200 in estimated taxes owed for 2007 and $200 in estimated taxes owed for 2008. *Id.* Importantly, the reason the Department filed a claim for *estimated* taxes owed for 2007 and 2008 was that Uplinger failed to file tax returns for those years, and hence the Department did not know the actual amount of tax debt Uplinger owed to the Commonwealth. *See* Tr. 5:19-21. During the course of Uplinger's bankruptcy proceedings, but after the Rule 3002(c), Fed. R.

---

[1] Rule 8002(a)(1), Fed. R. Bankr. P., provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the…order…being appealed." Uplinger's appeal is timely because the bankruptcy court's February 2, 2016 Order was entered on the docket on February 3, 2016.

[2] The facts recited here are derived from the record on appeal (Doc. 8) and the transcript of the motions hearing before the bankruptcy court on January 28, 2016 (Doc. 9). Citations to the record are noted as "R." followed by the page number, and citations to the transcript are noted as "Tr." followed by the relevant page and line numbers.

2

Bankr. P., deadline for filing claims, the Department received information from the Internal Revenue Service that enabled the Department to calculate Uplinger's actual tax liability for 2007 and 2008. *Id.* 15:1-7. Specifically, Uplinger in fact owed Virginia income taxes totaling $1,065.06 for 2007 and $1,036.12 for 2008. *Id.* 4:3-7.

Uplinger paid the $800 claimed by the Department as part of her Chapter 13 plan, and Uplinger's debts were discharged by Order dated January 2, 2014. *See* R. 58. After the discharge order issued, the Department, represented by appellee Taxing Authority Consulting Services, P.C. ("TACS"), began what would become a lengthy process to collect the remaining tax liability Uplinger owed for 2007 and 2008. *See id.* 59. Uplinger refused to pay, arguing that the payments under her Chapter 13 plan satisfied the debts. As such, in February 2015, the Department issued a wage lien against Uplinger and ultimately collected $2,199.21 in satisfaction of her tax debts for 2007 and 2008. Tr. 5:25-6:11. Thereafter, in July 2015, Uplinger demanded that the Department repay the $2,199.21. A similar demand was made in October 2015. When Uplinger's demands for repayment were denied, she moved to reopen her bankruptcy case under 11 U.S.C. § 350(b) for the purpose of seeking sanctions for civil contempt against the Department and TACS for violating the discharge order in her case.[3] *See* R. 58-72.

On January 28, 2016, the bankruptcy court heard argument on Uplinger's motions. *See* R. 81. In essence, the bankruptcy court concluded that the tax debts owed to the Department for 2007 and 2008 were not discharged because Uplinger did not file a tax return for those years. *See* Tr. 20:14-24:1. As such, the Department's collection activities were not subject to sanction as violations of the discharge injunction. *See id.* And because no sanctions were warranted,

---

[3] A Chapter 13 bankruptcy discharge "operates as an injunction against the commencement...of any action...to collect...[certain] debt[s] as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

3

Uplinger's motion to reopen her case was denied as moot. *See id.* 20:7-13. The bankruptcy court announced its rulings on Uplinger's motions from the bench, with a written order memorializing the rulings following on February 2, 2016. *See* R. 81-82. This appeal followed. *See id.* 83-85.

## II.

In a Chapter 13 bankruptcy, the general rule is that "as soon as practicable after completion by the debtor of all payments under the plan,...the court shall grant the debtor a discharge of all debts provided for by the plan." 11 U.S.C. § 1328(a). But there are exceptions to the general rule; as relevant here, "any debt of the kind specified...in paragraph (1)(B)...of section 523(a)" is not discharged. *Id.* § 1328(a)(2). Section 523(a)(1)(B), in turn, refers to "any debt for a tax...with respect to which a return...if required was not filed." 11 U.S.C. § 523(a)(1)(B)(i). Accordingly, a debtor remains personally liable for any tax debt not discharged by virtue of § 523(a)(1)(B). Indeed, a contrary rule may well encourage tax debtors to use the bankruptcy system for fraud by intentionally failing to file returns and then discharging tax debts in bankruptcy.

The main thrust of Uplinger's argument is that (i) because her Chapter 13 plan included estimated personal income tax debts for 2007 and 2008 and (ii) because she paid the claims in her plan in full, her personal income tax debts to the Department for 2007 and 2008 were satisfied. Thus, Uplinger contends that appellees were enjoined from seeking to collect the unpaid amounts of those debts by operation of § 524(a)(2). Uplinger bases her argument on 11 U.S.C. § 1322(a)(2), which provides that a Chapter 13 plan "shall provide for the full payment...of all claims entitled to priority." Yet, § 1322(a)(2) does not speak at all to discharge. Indeed, a "full payment" of a "claim[]" has nothing to do with whether a "debt[]" is "discharg[ed]," an issue addressed in § 1328(a), which on its face contemplates that certain

4

"debts provided for by the plan" will *not* be discharged, including debts for taxes with respect to which a required return was not filed.[4] Accordingly, giving the language of the statute its plain and ordinary meaning,[5] Uplinger's personal income tax debts to the Department for 2007 and 2008 were not discharged if a tax return was required for those years because, as Uplinger admits, she did not file a tax return for those years. *See* Tr. 5:19-21. As such, appellees were not enjoined from collecting those debts if Uplinger was in fact required to file a return.

As noted, § 523(a)(1)(B)(i) prevents a discharge only if, as a matter of fact, a tax return was required. In resolving the question whether Uplinger was required to file a tax return for 2007 and 2008, the bankruptcy court concluded that Uplinger failed to carry her burden of proving that she was *not* required to file a tax return for those years, such that the debts would have been discharged. *See* Tr. 16:13-17; 21:4-24. In this regard, it is significant that Uplinger's motion was for civil contempt. To prevail on such a motion, a movant must show by clear and convincing evidence (i) the existence of a valid order of which the alleged contemnor had actual or constructive knowledge, (ii) that the decree was in the movant's favor, (iii) that the alleged contemnor by its conduct violated the terms of the decree and had knowledge of such violations, and (iv) that the movant suffered harm as a result. *See In re Nat'l Heritage Found., Inc.*, 510 B.R. 526, 541 (E.D. Va. 2014) (citing *In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 202 (4th Cir. 2010)). On this record, Uplinger produced no evidence that she was not required to file

---

[4] *See* 8 Collier on Bankruptcy ¶ 1322.03[3] (16th ed. 2011) (explaining the relationship between § 1322(a)(2) and Chapter 13's discharge provisions); *id.* ¶ 1328.02[3][c] ("Under section 1328(a)(2), such taxes [provided for in § 523(a)(1)(B)], to the extent they are not paid in the Chapter 13 case, will not be discharged.").

[5] *See, e.g., Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (applying, in the bankruptcy context, the "well established" principle that "when the statute's language is plain, the sole function of the courts…is to enforce it according to its terms") (internal quotations omitted).

a tax return for the years 2007 and 2008. Indeed, when asked by the bankruptcy court whether she was required to file returns for 2007 and 2008, Uplinger admitted that she did not know. *See* Tr. 16:13-17. Accordingly, the bankruptcy court did not err in finding that Uplinger failed to carry her burden of showing that appellees' conduct violated the terms of the discharge order, as Uplinger could not prove that her personal income tax debts from 2007 and 2008 were discharged.

Uplinger argues that this is beside the point; in her view, the Department waived its ability to collect the unpaid tax debts through its failure to seek to amend its claim in Uplinger's Chapter 13 plan once the Department learned of the full amount of taxes due for 2007 and 2008. *See* Reply Br. at 9. In this regard, Uplinger cites 11 U.S.C. § 1308(a), which requires a debtor to file "all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." Where a debtor fails to comply with § 1308(a), a tax creditor such as the Department has the right to move for the dismissal of the debtor's case or for its conversion into a Chapter 7 bankruptcy.[6] *See* 11 U.S.C. § 1307(e). There is no dispute that the Department did not seek to utilize § 1307(e) in Uplinger's case, but the Department was not required to do so. As one leading treatise notes, the entire purpose of § 1307(e) was to "enhance[] the rights of taxing authorities," not to limit their options. *See* Collier, *supra* n.4, ¶ 1308.LH. Although the Department had the right to seek dismissal, "[a] taxing authority is unlikely to move for dismissal" because if "the taxing authority is not aware of...an unpaid tax in time to file a proof of claim, then no obligation to the taxing authority would be discharged," and the taxing authority remains free to collect the unpaid taxes due. *Id.* ¶ 1308.02.

---

[6] Unlike a Chapter 13 bankruptcy, a Chapter 7 bankruptcy requires the debtor to liquidate non-exempt assets to pay creditors. *See Hamilton*, 560 U.S. at 508.

Finally, Uplinger appears to argue that the Department willfully failed to credit payments received under Uplinger's Chapter 13 plan, which would constitute a violation of 11 U.S.C. § 524(i). There is no evidence of the Department's failure to credit a payment under the plan—willfully or otherwise—on this record.

In the course of oral argument, the *pro se* appellant argued, with evident passion and vigor, that appellees' position, if accepted, would undermine the scheme and policy of federal bankruptcy law by allowing taxing authorities to circumvent the Chapter 13 plan process. This argument, bereft of logic and law, is wrong. To be sure, the goal of bankruptcy law is to give debtors fresh starts by granting discharges of certain debts in certain situations. But the fundamental flaw in Uplinger's argument is that no discharge of her tax debts occurred, as the bankruptcy law is explicit in providing that recent tax debts for years in which a debtor does not file a required tax return are not discharged. This reflects an important reality about federal bankruptcy law, namely that numerous stakeholders have competing interests that Congress must balance. And no doubt state taxing authorities have a strong interest in ensuring that citizens pay the taxes they owe so that the government can fund the services that the political process has deemed necessary and prudent to provide. Indeed, Congress has provided taxing authorities with many tools to collect taxes due and owing, including the § 1307(e) mechanism. Yet, § 1307(e) is permissive and not a requirement. In short, the conclusion that the tax debts in issue here were not discharged is not contrary to the goals of bankruptcy law, but a reflection of Congress's decision to ensure that debtors cannot evade recently incurred tax debts by failing to file required returns and then discharging the taxes due in bankruptcy.

## III.

Because the bankruptcy court correctly interpreted the relevant statutory provisions and did not commit clear error in finding that Uplinger failed to carry her burden of showing that appellees' conduct was, in fact, in violation of the discharge injunction, the bankruptcy court's February 2, 2016 Order must be affirmed.

An appropriate Order will issue.

Alexandria, Virginia
May 23, 2016

/s/
T. S. Ellis, III
United States District Judge